UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-115 (CKK) |
| | : | |
| v. | : | |
| | : | |
| | : | SENTENCING:   October 24, 2007 |
| LISA WALL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) of the Sentencing Guidelines, to adjust the Defendant's offense level down two levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.    BACKGROUND**

On April 30, 2007, the Defendant was charged in a one-count criminal Information with Theft from a Program Receiving Federal Funds, in violation of Title 18 United States Code, Section 666. On July 12, 2007, the Defendant pled guilty to the Information. At that time the Defendant signed a "Statement of Offense" and admitted the following pertinent facts:

Beginning in or about April 2003, through up to and including June 2006, Lisa Wall worked as an administrative assistant in the Office of Organization Development ("ODEV") at Washington Metropolitan Area Transit Authority ("WMATA"), in this District. Beginning in or about March 31, 2004, and continuing up to in or about March 29, 2005, while WMATA was in receipt of Federal

assistance, Defendant Wall executed a fraudulent scheme to willfully embezzle, abstract, purloin and steal money, that is, checks, from WMATA by using her position as an administrative assistant to falsify WMATA Tuition Reimbursement Request Forms and Strayer University Invoices for Reimbursement, which resulted in the issuance by WMATA of nine checks, which Defendant Wall converted to her own use. That is, WMATA issued nine tuition reimbursement checks totaling $15,000 based on the false and fraudulent Tuition Reimbursement Request Forms and Strayer University Invoices for Reimbursement created by Defendant Wall. These reimbursement checks were made payable to three different employees who were purportedly enrolled at Strayer University. In fact, as Defendant Wall knew, these three employees were never enrolled at Strayer University. Once issued, these checks were either cashed or deposited into a bank account, and Defendant Wall received the cash from those checks, and converted the money to her own use.[1] On multiple occasions from in or about March 31, 2004, and continuing up to in or about March 29, 2005, Defendant Wall willfully, knowingly and fraudulently took cash received from the checks in increments of approximately $3,000, $3,000, $1,500, $750, $ 750, $1,500, $1,500, $1,500, and $1,500, and converted the money for her own use.

On or about June 14, 2006, Metro Transit Police Detectives interviewed Defendant Wall after the falsified and fraudulent documents and the monetary loss was discovered by auditors of WMATA. Defendant Wall admitted that on multiple occasions she submitted false and fraudulent tuition reimbursement forms in the names of three WMATA employees, and that she converted the money she received from those checks to her own use.

---

[1] At the plea hearing, the Defendant noted that with respect to one check in the amount of $3,000, the Defendant only received $800 and another person, who was aware of the Defendant's scheme, kept the remainder of the cash from that check.

**II.    SENTENCING CALCULATION**

    A.    <u>Statutory Minimums and Maximums</u>

The charge carries a maximum sentence of 10 years imprisonment, a fine of up to $250,000 or a fine of twice the pecuniary gain or loss, a special assessment of $100.00, and up to three years of supervised release.

    B.    <u>Sentencing Guidelines Calculation</u>

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 8.[2] See PSR ¶ 22. (This calculation contemplates a two-level decrease to the Defendant's base offense level pursuant to Section 3E1.1 of the Guidelines). The PSR calculates the Defendant's criminal history as Category I. See PSR ¶ 25. Therefore, the PSR calculates the Guideline range for the Defendant at zero to six months. See PSR ¶ 51.

**III.    GOVERNMENT'S RECOMMENDATIONS**

    A.    <u>Acceptance of Responsibility</u>

The government agrees that the Defendant's base offense level should be decreased by two points pursuant to Section 3E1.1 of the Sentencing Guidelines. She entered a guilty plea, thereby admitting the conduct comprising the offense, and she has cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a two-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

---

[2]    For purposes of this memorandum in aid of sentencing, undersigned counsel relies on the Presentence Investigation Report dated September 14, 2007.

B.    Government's Sentencing Recommendation

The government does not oppose the Defendant's request for a probationary sentence. Although some of the factors to be considered in imposing a sentence, such as the seriousness of the offense and the need for just punishment, indicate that a sentence of incarceration is appropriate, the government does not dispute that consideration of all the factors and goals articulated in Title 18, United States Code, Section 3553(a) indicate that a probationary sentence is sufficient to achieve the statutory purposes of sentencing.

As a part of the Defendant's sentence, the government requests that the Court impose a condition that the Defendant complete any mental health and alcohol treatment programs directed by the United States Probation Office, given the Defendant's admitted emotional health problems and alcohol abuse. See Defendant's Sentencing Memorandum at 6-7. Additionally, the government requests that the Court order the Defendant to complete at least 50 hours of community service. Here, community service is appropriate because the Defendant stole public funds. Finally, the government requests that the Court order the Defendant to pay restitution to WMATA in the amount of $10,417.17.[3]

---

[3] Undersigned counsel has confirmed that after the Defendant was fired, WMATA withheld the Defendant's last pay check and back pay due the Defendant for vacation time she had acquired during her employment. The restitution amount of $10,417.47 equals $15,000 less the total amount withheld from the Defendant. Accordingly, the total amount of restitution due WMATA is $10,417.17.

## IV. **CONCLUSION**

Wherefore, the government respectfully requests that the Court sentence the Defendant within the Guidelines range to a probationary sentence, impose certain conditions as indicated *supra*, and order restitution in the amount of $10,417.17 to WMATA.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney
                D.C. Bar 498-610

                /s/
                Precious Murchison
                Assistant United States Attorney
                Federal Major Crimes Section
                Maryland Bar
                555 4th Street, N.W.
                Washington, DC 20530
                (202) 307-6080
                Fax: (202) 514-6010