HONORABLE COLLEEN KOLLAR-KOTELLY, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : Docket No.: 07-CR-115 |
| --- | --- |
| vs. | : SSN: |
| WALL, Lisa | : Disclosure Date: September 14, 2007 |

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
Prosecuting Attorney                                                                Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ 9/27/07    _____ 9/27/07
~~Defendant~~ Defense Counsel    Date    ~~Defense Counsel~~ Defendant (By phone)    Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by September 28, 2007, to U.S. Probation Officer Michael Penders, telephone number (202) 565-1379, fax number (202) 273-0242.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

# LAW OFFICE OF JOSEPH BESHOURI
419 - 7TH STREET, N.W.
SUITE 201
WASHINGTON, D.C. 20004

(202) 842-0420
FAX (202) 638-4279

ADMITTED IN MARYLAND & DC

September 27, 2007

Michael Penders
United States Probation Officer
United States Probation Office
3rd & Constitution Avenue, N.W.
Washington, D.C. 20001

**VIA FACSIMILE (202-273-0242)**

RE: United States v. Lisa Wall
Criminal No. 07-CR-115

Dear Mr. Penders:

Having reviewed the first draft of the Pre-sentence Report ("PSR") with Ms. Wall, I submit the following proposed changes/amendments:

1. On Page 2, the PSR indicates 2 dependants. Uncertain as to whether 'dependency' is determined by whether a child has reached the age of majority or by dependency **in fact**, I note that Ms. Wall supports her daughter, Latoya, who has just started college and who lives at home when not in school. If Latoya is counted as a dependant, there are three rather than two dependants.

2. Paragraph 33 indicates "Ms. Jackson" rather than "Ms. Wall".

3. Although Paragraph 43 correctly indicates that Ms. Wall "reported no significant training or skills", she has since brought to my attention her specialized training – undertaken between 1999 and 2003 while employed at Howard University – in both *Microsoft* and *Adobe*.

4. Paragraph 44 indicates "Ms. Jackson" rather than "Ms. Wall". That same Paragraph indicates Ms. Wall's employment as a "personal" assistant. She is actually a **personnel** assistant.

5. Paragraph 45 indicates that Ms. Wall was earning $28,00 a year at the time of separation from Howard University in 2003. Ms. Wall reports that she was earning $37,000 a year at the time

of separation.

6. Below Paragraph 45, under **Net Worth**, the PSR indicates **Total [Monthly] Income** of $2,735.00. That figure should be increased by $490 given your adjustment in that same amount (for car payment) under **Necessary Living Expenses**. (The $2,735.00 amount had already included an adjustment for the car payment ((automatic deduction)). The **Net Monthly Cash Flow** should in turn be adjusted.

7. Paragraph 67 indicates restitution in the amount of $15,000. Although that was the exact amount stolen, I note that when WMATA terminated Ms. Wall, it direct-deposited a final check owed to her and then immediately seized back that same amount as a partial offset of the stolen funds. It is my understanding that the approximate amount of WMATA's deposit/seizure was $900. A record of that transaction is being obtained and will be provided. My apologies for the oversight. Additionally, I have just learned that at the time she was terminated, Ms. Wall had accrued approximately 170 hours in leave, which had some – perhaps significant – monetary value. Ms. Wall was advised shortly after being terminated that the cash value of those hours would not be paid to her. Whether that too was kept as a partial offset for the money stolen or whether such compensation was discretionary remains to be determined. I am waiting to hear from the WMATA detective whom I first spoke with shortly after Ms. Wall's termination. In the meantime, I wonder if you might be able to readily obtain Ms. Wall's records from WMATA?

Thank you, Ms. Penders.

Sincerely,

JOSEPH BESHOURI
Counsel for Lisa Wall

cc: Assistant U.S. Attorney Precious Murchison